IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROCHE CAPITAL, LLC           *
                             *
v.                           *
                             *    Civil Action No. WMN-12-59
MISTY DELEGATO               *
                             *
                             *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM & ORDER

Plaintiff, Roche Capital, LLC, is a limited liability company which was formed by Daniel Roche. Defendant, Misty Delegato, is Daniel Roche's sister. This case arises out of a business relationship into which the two siblings entered for the purpose of operating a Michigan private duty home-care agency. Defendants Relevar, LLC and Sixty Crocker, LLC, are two Maryland limited liability companies connected with the operation of that Michigan home-care agency. Roche Capital, LLC, filed this action seeking a judicial determination of the rights and obligations of the parties in connection with that business relationship.

Defendants responded to the Complaint by filing a counterclaim against Roche Capital, LLC, and a third-party complaint against Daniel Roche. The Counterclaim/Third Party Complaint contains six counts. Counts One, Two and Three relate to the same business relationship that is the subject of the

Complaint.  Counts Four, Five and Six relate to other business ventures involving the siblings.  Roche Capital and Daniel Roche have moved to strike those last three counts.  ECF No. 31.

Defendants opposed the motion to strike, noting that once Daniel Roche was added as a third party defendant, Rule 18(a) of the Federal Rules of Civil Procedure[1] permits them to join any claim which they might have against him.  No reply to the opposition was filed.

Defendants are certainly correct.  Courts and commentators have long noted the broad reach of joinder of claims under Rule 18(a).

> This Rule expresses a philosophy, adopted by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, [] (1966), of great liberality "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  Id. at 724 [].  A party should be able to join all the claims he has against his opponent as a matter of course to avoid multiplicity of litigation and possible claims of res judicata at a later date.

Lanier Business Products v. Graymar Co., 342 F. Supp. 1200, 1203 (D. Md. 1972); see also Charles Wright, Arthur Miller, and 6A Federal Practice and Procedure § 1582 (2010).

---

[1] The rule provides, "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

Accordingly, IT IS this 20th day of December 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That the Motion to Strike filed by Roche Capital LLC and Daniel Roche, ECF No. 31, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                              /s/
                    William M. Nickerson
                    Senior United States District Judge

3